IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **SCLG LLC and LARRY EALY,** | : | |
| | : | |
| Petitioners, | : | |
| | : | CIVIL NO. 5:15-CV-00173-MTT |
| VS. | : | |
| | : | |
| **SHERIFF DAVID DAVIS and DAVID COOK,** | : | |
| | : | |
| Respondents. | : | |

# ORDER

A petition for writ of habeas corpus has been filed in this Court on behalf of Helene Greene, who has apparently "not been arrested" but who has "been deprived of her 5, 14 Amendment Rights" because authorities allegedly issued an arrest warrant for her without due process.  (Pet. 2, ECF No. 1.)  The petition, however, was not drafted or signed by Ms. Greene, but was instead prepared by "SCLG, L.L.C." and a Mr. Larry Ealy, who states he is "Petitioner's next friend and therefore entitled to file this petition."  *Id.*

To litigate an action on another's behalf, Petitioners "[1] must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action[,] ... [2] must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate[,]... and [3] must have some significant relationship with the real party in interest."  *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990).  Here, it is unclear whether Helene Greene is

even aware that this action has been filed, the Petition does not include any explanation as to why she is unable prosecute the action on her own behalf, and Mr. Ealy states only that he is a "friend" of Ms. Greene but does not further describe the significance of their relationship.  Petitioners thus have not established "next friend" standing to bring this action. *See Whitmore*, 495 U.S. at 163; *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622-23 (11th Cir. 2007) (per curiam); *Newball-Archbold v. United States,* 8:09-CR-409, 2013 WL 1629296, at *1 (M.D. Fla. Apr. 16, 2013).

Furthermore, even if Petitioners did have standing to bring the present suit on behalf of Ms. Greene, Petitioners' claims would still be barred.  "When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief."  *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004).  "In *Younger*, the Supreme Court held that, except in extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court."  *Maharaj v. Sec'y for Dep't of Corr.*, 304 F.3d 1345, 1348 (11th Cir. 2002) (per curiam).  The three narrow exceptions to the *Younger* abstention doctrine are where "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised."  *Hughes*, 377 F.3d at 1263 n.6.

Petitioners present no factual allegations suggesting that any of the *Younger* abstention exceptions apply.  Petitioners state that "[a] writ of Habeas Corpus was filed to the Bibb County Court on May 14 2015, the clerks and administrative personal [sic]

confirmed that the writ will not be heard until July 24 2015 during its habeas calander [sic][.]"  (Pet. 2.)  Petitioners contend "[t]his Court must except [sic] jurisdiction becaus[e] of the delay in due process mentioned[.]"  *Id.*  Petitioners cannot show that Mrs. Greene's claims could not be adequately raised in the pending state habeas proceeding, there is no clear allegation of bad faith, and the brief delay mentioned by Petitioners (and acknowledged by Petitioners to be due to the court's scheduling calendar) cannot amount to "irreparable injury" within the meaning of the *Younger* doctrine.  *See Younger v. Harris*, 401 U.S. 37, 46 (1971) ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution could not by themselves be considered 'irreparable' in the special legal sense of that term.").

      Furthermore, even assuming Petitioners could show that their claims fall within an exception to the *Younger* doctrine, Petitioners have failed to exhaust all remedies available under state law.  "Habeas law requires that an applicant exhaust any available state procedure before filing a petition in federal court."  *Jackson v. Walker*, 206 F. App'x 967, 968 (11th Cir. 2006) (per curiam).[1]  Thus, prior to filing a federal habeas petition, a state prisoner "must exhaust his state remedies by petitioning the highest court in the state in which he is being held 'when such review is part of the ordinary appellate review procedure in that jurisdiction.'"  *Id.* (quoting *Pope v. Rich*, 358 F.3d 852, 853 (11th Cir. 2004)).  "Because ordinary appellate procedure in Georgia authorizes habeas review in the Georgia Supreme Court, a petitioner must avail himself of that procedure before we

---

[1] Although Petitioners' petition is filed pursuant to 28 U.S.C. § 2241, "[a] state prisoner seeking post conviction relief under § 2241 is subject to the additional restrictions of § 2254, such as the exhaustion of state remedies."  *Jackson*, 206 F. App'x at 968.

will deem all state remedies to be exhausted." *Id.*  As previously noted, Petitioners acknowledge they have filed a state habeas petition that will be heard by the state trial court during its ordinary habeas trial calendar in just a few weeks.  (Pet. 2.)  On its face, the Petition thus shows that Petitioners have not availed themselves of the habeas review provided under Georgia law and have therefore failed to exhaust their state remedies prior to seeking relief in this Court.

The present application for federal habeas corpus relief is therefore **DISMISSED without prejudice** because Petitioners have failed to establish that they have standing, that any exception to the *Younger* bar exists, and that they have exhausted available state court remedies.

**SO ORDERED**, this 16th day of June, 2015.

                                                    S/ Marc T. Treadwell
                                                    MARC T. TREADWELL
                                                    UNITED STATES DISTRICT COURT